IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Caldwell, #317010,  )<br> )<br>          Petitioner,  )<br> )<br>vs.       )<br> )<br>A. J. Padula, Warden,   )<br> )<br>          Respondent.  )<br>_____) | Civil Action No. 6:10-2886-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The petitioner is currently confined in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment of the Clerk of Court for York County. The petitioner was indicted at the March 2006 term of the York County Grand Jury for armed robbery (2006-GS-46-0805) and criminal conspiracy (2006-GS-46-0806) and several counts of kidnaping. Attorney James W. Hancock, Jr. was retained and represented the petitioner on the charges. On August 10, 2006, the petitioner pleaded guilty before the Honorable John C. Hayes, Circuit Court Judge, to armed robbery and criminal conspiracy with a recommendation of a cap of 20 years on the armed robbery charge and that the sentence on the conspiracy indictment run concurrent. It was agreed that in exchange for the plea of guilty to these two charges the kidnaping indi ctments

against the petitioner would be dismissed. Judge Hayes sentenced the petitioner to 20 years on the armed robbery charge and five years concurrent on the conspiracy charge. The kidnaping charges were dismissed.

***Underlying Facts***

On December 12, 2005, the petitioner and several co-defendants committed an armed robbery of the Food Lion grocery store located in Clover, South Carolina. Just before closing time, the petitioner and a co-defendant went into the store. The petitioner purchased some items, and, on his way out of the store, the armed robbery began. The petitioner participated in the armed robbery by putting a fake wooden gun into an employee's side as the employee was going to let him out of the store at closing time. The petitioner ordered the employee to open the door so other perpetrators could come into the store. Two other co-defendants then came into the store. The petitioner's co-defendant, who was already in the store, pistol whipped a female clerk across the face, breaking the orbital bone in her face. The petitioner directed one or more of the robbers to the back of the store where another employee was located. Several employees were forced to the area of the store safe and forced to lay on the floor. The store safe was emptied. On the store video-surveillance camera, the petitioner can be seen going in and out of the store and leaving the store at the end of the robbery with a bag in his hand. A police chase ensued, and the petitioner was eventually arrested in a farm equipment bin after running and hiding from police. A receipt tied the petitioner back to the Food Lion (App. 7-9).

***The Direct Appeal***

The petitioner filed a Notice of Intent to Appeal from his guilty plea and sentence. Subsequently, he notified the South Carolina Court of Appeals that he wished to drop his direct appeal. On December 4, 2006, the Court of Appeals issued an Order of Dismissal and Remittitur dismissing the petitioner's direct appeal.

*The PCR Action*

The petitioner filed a post conviction relief ("PCR") application on November 27, 2006, before the Order of Dismissal and Remittitur were issued in his direct appeal (2006-CP-46-3127). The respondent made its Return on or about February 26, 2007. An evidentiary hearing into the matter was convened on August 15, 2008, at the York County Courthouse before the Honorable James H. Barber, Circuit Court Judge ("the PCR court"). Charles T. Brooks, III represented the petitioner. Ashley A. McMahan of the South Carolina Attorney General's Office, represented the respondent.

At the hearing, the petitioner testified in his own behalf. Also testifying was the petitioner's plea counsel, James W. Hancock, Jr. In the PCR application, the petitioner alleged he was being held in custody unlawfully for the following reasons: (1) Ineffective assistance of counsel; (2) prosecutorial misconduct. The PCR court also had before it a copy of the transcript of the petitioner's guilty plea, the records of the York County Clerk of Court, and the petitioner's records from the SCDC. On October 28, 2008, the PCR court issued an Order of Dismissal denying and dismissing the petitioner's PCR application with prejudice. The Order was filed with the York County Clerk of Court on November 25, 2008 (App. 65-71).

In the Order of Dismissal, the PCR court found the transcript in this case reflected that the guilty plea was knowingly and voluntarily entered with a full understanding of the charges and consequences of the plea (App. 67-68). The court further found trial counsel adequately conferred with the petitioner, conducted a proper investigation, was thoroughly competent in his representation, and that the petitioner failed to prove either prong of the *Strickland v. Washington*, 466 U.S. 668 (1984) analysis (*id.* 69-70). As to the allegations of failure to request a YOA sentence, failure to recognize updated law, prosecutorial misconduct, failure to interview witnesses, failure to consult with the petitioner, failure to inform of constitutional rights, failure to file pre-trial motions, and failure to

3

investigate, which were raised in the application but not at the hearing in this matter, and were not specifically addressed in the Order, the PCR court found that the petitioner failed to present any probative evidence regarding such allegations. Accordingly, the court found that the petitioner waived such allegations and failed to meet his burden of proof regarding them. Accordingly, these allegations were denied and dismissed with prejudice (*id.* 70).

***The Appeal from the Denial of PCR***

The petitioner appealed the denial of his PCR application to the South Carolina Supreme Court by way of a *Johnson* Petition. The petitioner was represented in the appeal by Robert M. Pachak of the Office of Appellate Defense. In the *Johnson* Petition, Mr. Pachak raised the following issue to the Supreme Court: "Whether petitioner's guilty plea was entered voluntarily and intelligently?" (*Johnson* Petition, p. 2). Mr. Pachak certified to the court that the appeal was without merit and asked to withdraw from the case. (Johnson Petition, p. 6). The petitioner filed a *pro se* brief, raising the following issues to the Court of Appeals (verbatim):

> 1. The subject request the Court to review the PCR issues that may have been overlooked by lower court and the arguments hereto/hereafter-
>
> 2. The subject also alleges that there was no evidence to convict subject directed verdict only statements, no physical evidence.
>
> 3. The subject also request for dismissal of allege case for failure to place a valid transcript into record; only a lose (sic) leaf binder on record.
>
> Subject request the Court to file this Writ of Certiorari and forward a copy for files- Indictment- *State v. Bullard*, 348 S.C. 611, 560 S.E.2d 436 - Revisit PCR Arguments-Remedies Exhausted-45 day return Brief; review entire record.
>
> A Anders brief and a Johnson brief is illegal.
>
> A attorney can't disbelieve the client/case allegedly at no time. To allege the allege case has no merit in unconstitutional - The case is to be forward to another firm that can detect merit in case allegedly.

> Also, subject requests for a full copy of any and all allege physical evidence in connection with allegedly case above - statements alone can't convict a petitioner. Equal Protection Clause, 14th Amend. A your word against mine contest situation - for fore going grant objection motion/dismiss conviction (sentence and or time cut).
>
> The 85% wasn't put on record at allege trial - the 85% isn't with in the 16-11-330(a) statute -Armed Robbery allegally (sic)- changing the meaning of statute - no jurisdiction to impose sentences allege Brocon.
>
> Hereby motion to quash a illegal x video basically using case law of allege similarities/duplicates - A video isn't a 100% evidence / Duplicate Duplicity of film in case above allegedly, quash film/video allegedly.
>
> Also forward a copy of any and all statements and allegedly photographs in allege. case above and enter photos and allege statements on the record, only statements arised (sic) probable cause allegedly within case, no physical evidence, statements alone doesn't constitute probable case for issuance of a arrest warrant without sufficient evidence allegedly x
>
> 2. The Attorney was ineffective for failing to file pretrial motions because no evidence is in allege case - directed verdict.
>
> 3. Attorney ineffective for failing to request State of S.C. to produce a weapon to secure the arm robbery 16-11-330(a) statute - must be armed with a weapon. *State v. Nix*, 288 S.C. 492, 343 S.E.2d 627 (S.C. App. 1986).
>
> 4. Attorney ineffective for failing to file a Law Suit for false arrest/Appellant Attorney also because the kidnapping was dismissed.
>
> 5. The kidnapping charge evidence prejudice the rest of subjects(s) evidence / case and also constitutes non-testimonial evidence before Grand Jury.

(*See pro se* Response to *Johnson* Petition)[1]. On October 21, 2009, the South Carolina Supreme Court, after consideration of the entire record as required by *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), denied the petition for writ of certiorari and granted collateral appellate counsel's request to withdraw (*See* Order of S.C. Supreme Court, dated October 21, 2009). The Supreme Court issued its Remittitur on November 6, 2009.

---

[1]As noted by the respondent, the petitioner's *pro se* response to the *Johnson* Petition is difficult to read.

*The State Habeas Action*

The petitioner filed a State Petition for Writ of Habeas Corpus on March 17, 2010 (2010-CP-46-1124).  In this petition, the petitioner alleged he received ineffective assistance of PCR counsel because PCR counsel failed to raise the following issues regarding his ineffective assistance of counsel claims during his first PCR action:

1. Failure to request a YOA sentence;

2. Failure to recognize update [sic] law;

3. Prosecutorial misconduct;

4 Failure to inform of constitutional rights;

5. Failure to consult with Applicant;

6. Failure to inform of constitutional rights; [duplicate in original]

7. Failure to file pre-trial motions; and

8. Failure to investigate.

The petitioner further alleged he received ineffective assistance of PCR counsel, in a document captioned "a proposed Habeas Corpus Amendment," because PCR counsel failed "to fulfill obligation of reviewing the court's order, to assure each claim was framed at the evidentiary hearing for appellate review."  The petitioner contended that he amended his original PCR application through his first appointed PCR attorney and that all of his allegations were not addressed in the PCR court's order denying his PCR application.  He asserted that he was entitled to another evidentiary hearing so that he could raise, and so that the court could address, all of the issues he asserted were not heard or addressed in the rder dismissing his first PCR.  On May 7, 2010, the Honorable Lee S. Alford, Circuit Court Judge, issued an Order of Dismissal denying and dismissing the petitioner's state habeas petition with prejudice.  The order was filed with the Clerk of Court for York County on May 20, 2010.

In his Order of Dismissal, Judge Alford noted that he had before him the York County Clerk of court records regarding the subject convictions, the petitioner's SCDC records, the records of the prior PCR action and PCR appeal, and the court's letters to the petitioner dated March 1, 2010 and April 21, 2010. Judge Alford found that the petitioner's allegations failed to meet the standards required for the issuance of this extraordinary writ. He found that, significantly, the petitioner's claims were the same claims presented in his first application for PCR. Judge Alford found these claims had been previously resolved against the petitioner in his prior PCR action and PCR appeal. Regarding the petitioner's claim that all of his allegations were not addressed in the PCR court's order, Judge Alford found the PCR court determined that plea counsel did not render ineffective assistance of counsel, that the petitioner knew his constitutional rights and the potential penalties he was facing, and that the petitioner knowingly and voluntarily pleaded guilty. Judge Alford determined the PCR court also found that plea counsel conducted a proper investigation, adequately conferred with the petitioner, and was fully competent in his representation. Judge Alford found the PCR court ultimately held that the petitioner failed to establish any constitutional violations or deprivations requiring the court to grant him post-conviction relief. With regard to the petitioner's remaining allegations concerning a YOA sentence, updated law, prosecutorial misconduct, and counsel's failure to file pre-trial motions, Judge Alford determined that the PCR court found that the petitioner presented no probative evidence in support of those allegations at the PCR hearing and thereby waived those allegations as grounds for relief. Based on that finding of the PCR court, the petitioner contended he received ineffective assistance of PCR counsel and appellate PCR counsel and that he was entitled to another evidentiary hearing as a result. Judge Alford found the petitioner's contention that he received ineffective assistance of PCR counsel was not a ground for relief and did not meet the standards required for the issuance of this extraordinary writ.

7

Moreover, Judge Alford noted, the petitioner previously presented these claims in his *pro se* Response to appellate counsel's *Johnson* brief. After a full review of the entire record in the petitioner's case as required under *Johnson*, including careful consideration of the petitioner's *pro se* response brief, the South Carolina Supreme Court denied his petition for writ of certiorari and granted appellate counsel's petition to be relieved as counsel.

Judge Alford also noted that despite his instruction to petitioner that he must establish his habeas corpus action was not raising the same grounds that were or could have been raised in his prior PCR proceeding, Judge Alford found the petitioner's claims made in his Petition for Writ of [State] Habeas Corpus were the same claims he previously raised and were resolved against him in his first action for PCR. Therefore, Judge Alford found these claims could not be raised in a Petition of Habeas Corpus in the Circuit Courts of South Carolina. Accordingly, Judge Alford found the Petition for Writ of Habeas Corpus had to be summarily dismissed.

***Appeal from Dismissal of State Habeas Petition***

The petitioner appealed from the dismissal of his State habeas petition to the South Carolina Court of Appeals. On November 19, 2010, the Court of Appeals dismissed the appeal finding the petitioner failed to show why the circuit court's determination that the habeas corpus relief was improper because the issues could have been raised in a timely PCR action. The petitioner filed an Amended Petition to Reinstate. According to the petitioner, he received an order from the Court of Appeals denying his Petition to Reinstate on February 4, 2011 (pet. resp. m.s.j. at 2).

***Current Allegations***

In his petition now before this court, the petitioner makes the following allegations:

**Ground One:  Involuntary Guilty Plea.**

a.      Petitioner testified at the evidentiary hearing that he pled guilty on the advice of counsel even though he told him he did not commit the crime.  He could not understand why he had to plea to something he did not do.

... Plea counsel coerced and intimidated Petitioner into pleading to something he did not do. Plea counsel told him if he went to trial he would face 75 years.

**Ground Two:  Ineffective assistance of counsel.**

a.      Petitioner never would have pled guilty to criminal conspiracy and received both the max sentence and fine, Instead, Petitioner would have went to trial. There is a reasonable probability that the outcome would have been different on sentencing.

**Ground Three:  Failure to properly execute written waiver of indictments.**

a.      On both indictments at top right hand corner in the spaces provided, Petitioner's signature is absent as to being fully advised on his legal rights of waiving presentment to the Grand Jury. That's why the Grand Jury (jurors) convened on March 16, 2006. Petitioner never waived his right to go to trial. There's no written signature.

**Ground Four:  Petitioner was convicted for two crimes arising from one incident.**

a.      Criminal conspiracy of armed robbery is the lesser offense and lesser included offense of armed robbery. The punishments for the two offense difference and overlapping as a greater offense included with the lesser offense. The offenses are not defined based on statutory elements as a greater and lesser offense charges but the intent of the legislature clearly is to provide for looking at the sentencing.

**Ground Five:  York County General Sessions Court sentencing judge ordered an illegal sentence for criminal conspiracy.**

a.      Petitioner received punishment for the offense of criminal conspiracy which constituted cruel and unusual punishment. Petitioner was sentenced to both a fine and five

> years imprisonment forbidden by statute. ...Petitioner could not receive both sentences.
>
> **Ground Six: Petitioner was denied a full and fair opportunity to present claims and have claims preserved in State court proceedings.**
>
> a.      Petitioner did not receive assistance of PCR counsel as required by Rule 71.1(d), SCRCP, where counsel did not assure that all available grounds for relief were included in the application and amend the application where necessary: Petitioner's claims were not properly preserved for appellate review as required by S.C. Code Ann. § 17-27-80 and Rule 52(a) SCRCP, where issues were raised but not ruled on by the PCR Court denying Petitioner the right to a direct appeal of his PCR; and where the State Court failed to remand for a new hearing to allow Petitioner to raise all claims and have them properly ruled upon and preserved for appellate review. Petitioner is being held in violation of his constitutional rights based on the issues that were not properly raised and ruled upon.
>
> On January 19, 2011, the respondent filed a motion for summary judgment.

By order filed January 19, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his responses to the motion for summary judgment on February 8, 2011, and April 8, 2011.

## APPLICABLE LAW AND ANALYSIS

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

10

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

***Ground One***

In Ground One, the petitioner alleges that his guilty plea was involuntary. The PCR court specifically addressed this issue and found it to be without merit. That

determination is entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858-59 (4th Cir. 2003). The PCR court provided its rationale, and it is fully supported by the record (App. 1-15, 36-71). The PCR court also found plea counsel's testimony was credible, and the petitioner's testimony was not credible (App. 69). That determination is also entitled to deference by this court and is fully supported by the record, including the plea transcript and the PCR hearing transcript.

In the Order of Dismissal, the PCR court noted the petitioner alleged he received ineffective assistance of counsel. The court correctly pointed out that the applicant must prove that counsel's performance was deficient and that the deficient performance prejudiced him. The PCR court also pointed out that, with respect to guilty plea counsel, the applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See *Cherry v. State*, 386 S.E.2d 624, 625 (S.C. 1989). In order to find a guilty plea is voluntarily and knowingly entered into, the PCR court noted that the record must establish the applicant had a full understanding of the consequences of his plea and the charges against him (App. 67).

The PCR court found the transcript reflected that the guilty plea was knowingly and voluntarily entered with a full understanding of the charges and consequences of the plea, and the petitioner presented no reasons to show that he should be allowed to depart from the truth of the statements he made during his guilty plea hearing (*id.* 67-68). The PCR court noted the petitioner claimed that he did not understand what was going on at the time he pleaded guilty and that defense counsel forced him to plead. The petitioner also alleged actual innocence. The petitioner testified that he told defense counsel that he was not involved in the crime that occurred in this matter and that he did not know why he had to plead guilty to something he did not do. The petitioner also said that defense counsel intimidated him into to pleading guilty. The PCR court pointed out that defense counsel

testified that the petitioner told him he was at the scene of the crime because he was riding around with his friends having a good time, however defense counsel said that he went over with the petitioner that the video showed otherwise. Defense counsel testified that the petitioner wanted to plead guilty and that he did not force the petitioner into the courtroom to plead guilty. Counsel further stated that he went over a guilty plea affidavit with the petitioner, and the petitioner signed the affidavit indicating he understood his rights. The petitioner indicated to the trial court that he was pleading freely and voluntarily, that he was not under the influence of drugs or alcohol, and that no one had threatened or coerced him to plead guilty (*id.* 68-69).

The PCR court found trial counsel adequately conferred with the petitioner, conducted a proper investigation, was thoroughly competent in his representation, and that trial counsel's conduct did not fall below the objective standard of reasonableness. Further, the court also found that the record in this case fully demonstrated the petitioner understood the nature of his plea and that his plea was made freely and voluntarily. Based upon the foregoing, the court found that the petitioner failed to prove either prong of the *Strickland* test (*id.* 69-70).

The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue. He has also failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination given the evidence and record before it. Therefore, this ground should be dismissed with prejudice.

***Ground Two***

In Ground Two, the petitioner claims that he would never have pleaded guilty to criminal conspiracy and receive both the maximum sentence and fine. Instead, he claims he would have gone to trial. As either an involuntary guilty plea or ineffective assistance of counsel claim, this ground is meritless. According to the guilty plea transcript, the

petitioner was sentenced to five years and received no fine on the conspiracy count (App. 14). A $100.00 surcharge and a $25.00 Law Enforcement funding charge or assessment were imposed. There was no fine pursuant to the conspiracy statute. These same costs or assessments were imposed on the armed robbery indictment sentencing sheet (*see* sentencing sheets). The sentence was run concurrent with the armed robbery sentence of 20 years, which was the recommendation of the prosecutor (App. 2, 14). Given the recommendation that was negotiated by the petitioner and his attorney with the State of South Carolina, the petitioner cannot show that but for his sentence on the conspiracy charge, he would not have pleaded guilty and would have insisted on going to trial. The petitioner was exposed to 30 years without parole on the armed robbery indictment (*id.* 3), and he was also exposed to a much higher sentence because of the kidnaping charge that was dismissed as part of his plea (*id.* 9). Based upon the foregoing, this ground for relief should be dismissed.

### *Grounds Three, Four, and Five*

In Ground Three, the petitioner alleges that his signature is absent on both indictments in the space beside the following statement, "After being fully advised as to my legal rights, I hereby waive presentment to the Grand Jury" (*see* App. 73, 75). In Ground Four, the petitioner alleges that criminal conspiracy is a lesser included offense of armed robbery, and thus he should not have been convicted of both crimes. In Ground Five, the petitioner claims that the sentencing judge gave him an illegal sentence for conspiracy because he was sentenced to both a fine and five years imprisonment. These claims, which are all direct appeal issues, were not raised during the petitioner's guilty plea and sentencing and were thus not preserved for appeal. Further, the petitioner abandoned his direct appeal. He did not raise these issues in his PCR proceedings, and he further waived and abandoned the grounds by not filing a Rule 59 motion to have the issues addressed in the PCR court's order.

If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner, however, has failed to allege or show any cause and prejudice or actual innocence to excuse the default. Thus, these claims are procedurally barred from consideration by this court and should be dismissed.

Furthermore, the grounds fail on the merits. With regard to Ground Three, as pointed out by the respondent, the petitioner was indicted by the Grand Jury of York County for armed robbery and conspiracy. Both indictments show they were true-billed on March 16, 2006 (App. 73, 75). Thus, the petitioner did not sign stating he waived presentment of the indictments because he was already indicted by the Grand Jury on both charges at the time he pleaded guilty. The petitioner signed the blank on both indictments stating that he was pleading guilty to the indictments (*id.*).

With regard to Ground Four, criminal conspiracy is not a lesser included offense of armed robbery. As argued by the respondent, the gravamen of a conspiracy offense is the agreement to commit a crime, and the offense of armed robbery does not require an agreement to commit a crime with anyone.

With regard to Ground Five, the petitioner was sentenced to five years on the conspiracy count to run concurrent with the 20 years on the armed robbery indictment (*see* App. 1-17). The sentencing sheet also reflects the sentence was five years on the conspiracy charge. As discussed above with regard to Ground Two, no fine was imposed. A $100.00 surcharge was imposed, and a $25.00 Law Enforcement funding charge or

assessment was imposed. There was no fine pursuant to the conspiracy statute, and these same costs or assessments were imposed on the armed robbery indictment sentencing sheet (*see* sentencing sheets).

Based upon the foregoing, these grounds for relief fail and should be dismissed.

***Ground Six***

In Ground Six, the petitioner claims he was denied a full and fair opportunity to present claims and have claims preserved in State court proceedings because he did not receive effective assistance of PCR counsel. As argued by the respondent, this ground must be dismissed because it is not cognizable in federal habeas review. The Fourth Circuit Court of Appeals has held that alleged infirmities in a state PCR action are not matters that may be addressed in federal habeas actions. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). "'[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculations.'" *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) (quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3rd Cir. 1998)); 28 U.S.C. 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Accordingly, this ground for relief fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 18) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

August 3, 2011
Greenville, South Carolina