IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David Caldwell, | ) | Civil Action No.: 6:10-cv-02886-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

     Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [Docket Entry 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on November 3, 2010.[1]  Petitioner is currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina.

     On January 19, 2011, Respondent filed his [Docket Entry 18] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 19].  Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), also on January 19, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond.  Petitioner timely filed responses to the summary judgment motion on February 4, 2011 and April 7, 2011.[2]  *See* Response I [Docket Entry 22]; Response II [Docket Entry 33].

     This matter is now before the court with the [Docket Entry 35] Report and Recommendation

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2] Filing dates under *Houston v. Lack*, 487 U.S. 266.

("R & R") of United States Magistrate Judge Kevin F. McDonald[3] filed on August 3, 2011.  In his R & R, the Magistrate Judge "recommended that the respondent's motion for summary judgment . . . be granted." R & R at 16.  Petitioner timely filed objections to the R & R.  *See* Obj. [Docket Entry 42].

## Underlying Facts

The Magistrate Judge set forth a thorough and accurate synopsis of the underlying facts in his R & R. *See* R & R at 1-2.  Petitioner does not appear to object to this synopsis.  Accordingly, the undersigned will not restate the underlying facts herein.

## Background and Procedural History

On August 10, 2006, Petitioner, represented by James W. Hancock, Esquire, pled guilty to armed robbery and criminal conspiracy with a sentence recommendation of a cap of twenty (20) years. *See* Appendix ("App.") [Docket Entry 19-1] at 2, 6-8; *see also* Indictments [Docket Entry 19-2].  The trial court sentenced Petitioner to twenty (20) years on the armed robbery charge, and five (5) years concurrent on the conspiracy charge. *See id.* at 16.

Petitioner thereafter filed a direct appeal.  On November 28, 2006, Petitioner notified the South Carolina Court of Appeals that he wished to drop his direct appeal. *See* Nov. 28 Letter [Docket Entry 19-3] at 2.  On December 4, 2006, the South Carolina Court of Appeals issued an Order of Dismissal and Remittitur dismissing Petitioner's direct appeal. *See* Order and Remittitur [Docket Entry 19-4].

On November 27, 2006, before dismissal of his direct appeal, Petitioner filed an application

---

[3] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

2

for post-conviction relief ("PCR"). *See* App. at 20.  Respondent in that action made its return on February 26, 2007. *See id.* at 34-37.  The PCR court held an evidentiary hearing on the matter on August 15, 2008, at which Petitioner was represented by Charles T. Brooks, Esquire. *See id.* at 38-66.

At the hearing, the PCR court heard testimony from Petitioner and Petitioner's trial counsel, Mr. Hancock.  In his PCR application, Petitioner raised the following grounds: (1) ineffective assistance of counsel and (2) prosecutorial misconduct. *See id.* at 22.  The PCR court also had before it a copy of the transcript from Petitioner's guilty plea, the records from the York County Clerk of Court, and Petitioner's records from the South Carolina Department of Corrections ("SCDC"). *See id.* at 67.

On October 28, 2008, the PCR court issued an order dismissing Petitioner's PCR application with prejudice. *See id.* at 73.  That order was filed with the York County Clerk of Court on November 25, 2008. *See id.* at 67.  In the Order of Dismissal, the PCR court specifically found that "[t]he transcript [of the plea hearing] reflect[ed] that the guilty plea was knowingly and voluntarily entered with a full understanding of the charges and consequences of the plea." *Id.* at 69.  The PCR court further found that "trial counsel adequately conferred with [Petitioner], conducted a proper investigation, was thoroughly competent in their representation," and that Petitioner failed to prove either prong of the *Strickland*[4] test for ineffective assistance of counsel. *Id.* at 71-72.  As to Petitioner's other allegations, the PCR court found as follows:

> As to the allegations of failure to request a YOA sentence, failure to recognize updated law, prosecutorial misconduct, failure to interview witnesses, failure to consult with [Petitioner], failure to inform of constitutional rights, failure

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

to file pre-trial motions, and failure to investigate, which were raised in the application but not at the hearing in this matter, and were not specifically addressed in this Order, th[e] [PCR] Court finds that the [Petitioner] failed to present any probative evidence regarding such allegations. Accordingly, th[e] [PCR] Court finds that the [Petitioner] waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are denied and dismissed with prejudice.

*Id.* at 72.

A petition for a writ of certiorari was then filed on Petitioner's behalf by the South Carolina Commission on Indigent Defense by way of a *Johnson* Petition. The *Johnson* Petition raised the following issue: "Whether petitioner's guilty plea was entered voluntarily and intelligently?" *Johnson* Petition [Docket Entry 19-5] at 3. Petitioner then filed his [Docket Entry 19-6] *Pro Se* Response Brief, raising the following issues:

(1) The subject request the court to review the PCR issues that may have been overlooked by lower court and the arguments hereto/hereafter –

(2) The subject also alleges that there was <u>no evidence</u> to convict subject <u>directed verdict</u>–only statements, no physical evidence.

(3) The subject also request for dismissal of allege case for failure to place a valid transcript into record; only a lose [sic] leaf binder on record.

The subject request the court to file this Writ of Certiorari and forward a copy for files–Indictment–State v. Builard, 348 S.C. 611, 560 S.E.2d 436–Revisit PCR Arguments–Remedies Exhausted–45 day return Brief; review entire record

A <u>Anders</u> Brief and a <u>Johnson</u> Brief is illegal.

A attorney can't disbelieve the client/case allegedly at no time. To allege the allege case has no merit i[s] unconstitutional–The case is to be forward to another firm that can detect merit in case allegedly.

Also subject requestes [sic] for a full copy of any and all allege physical evidence in connection with allege[d]ly case above–statements alone can't convict a petitioner equal protection clause, 14th Amend. A your word against mine Contest Situation - for fore going grant objection motion/dismiss conviction (sentence and or time cut)

4

The 85% wasn't put on record at allege trial–The 85% isn't with in the 16-11-330(a) statue – Arm Robbery allegedly – Changing the meaning of statue – No jurisdiction to impose sentences allege <u>Brocon</u>

Hereby motion to quash a [illegal] video basically using caselaw of allege simalaries [sic] / duplicates – A video isn't a 100% evidence / Duplicate has been used during trial proceedings. Duplicity of film in case above allege[d]ly, quash film/video allege[d]ly.

Also forward a copy of any and all statements and allege[d]ly photographs in allege case above and enter photos and allege statements on the record, only statements rised [sic] probable cause allege[d]ly within case, no physical evidence, statements alone doesn't constitute probable cause for issuance of a arrest warrant without sufficient evidence allege[d]ly.

2. The Attorney was ineffective for failing to file pretrial motions because no evidence is in allege case – Directed Verdict.

3. Attorney ineffective for failing to request state of S.C. to produce a weapon to secure the Arm Robbery 16-11-330(a) statue – <u>must be Armed with a weapon</u>. State v. Nix (S.C. App. 1986) 288 S.C. 492, 343 S.E.2d 627

4. Attorney ineffective for failing to file a law suit for false arrest / appellant attorney also because the kidnapping [sic] was dismissed.

5. The kidnapping [sic] charge evidence prejudice the rest of subject(s) evidence / case and also constitutes nontestimonial evidence before Grand Jury

*Pro So* Response to *Johnson* Petition at 3-8. On October 21, 2009, "[a]fter careful consideration of the entire record as required by *Johnson v. State*," the South Carolina Supreme Court denied Petitioner's petition for a writ. *See* Supreme Court Order [Docket Entry 19-7]. Remittitur was issued on November 6, 2009. *See* Remittitur [Docket Entry 19-8].

Petitioner thereafter filed a State Petition for Writ of Habeas Corpus. *See* State Habeas [Docket Entry 19-9]. In that Petition, Petitioner alleged that he received ineffective assistance of PCR counsel because PCR counsel failed to raise the following issues regarding his ineffective assistance of counsel claims during his first PCR action:

5

(1) Failure to request a YOA sentence;

(2) Failure to recognize updated law;

(3) Prosecutorial misconduct;

(4) Failure to inform of constitutional rights;

(5) Failure to consult with Petitioner;

(6) Failure to file pre-trial motions; and

(7) Failure to investigate.

State Habeas Order [Docket Entry 19-12] at 2. Petitioner further alleged that he received ineffective assistance of PCR counsel, in a document captioned "A proposed Habeas Corpus Amendment," because PCR counsel failed "to full fill obligation of reviewing the court's order, to assure each claim was framed at the evidentiary hearing for appellate review." State Habeas [Docket Entry 19-9] at 17. Petitioner argued that he amended his original PCR application through his first appointed PCR attorney, but that all of his allegations were not then presented to the PCR court and not ruled upon by the PCR court in that action. Petitioner asserted that he was entitled to another evidentiary hearing so that he could raise, and so that the state court could address, all of those issues he asserts were not addressed in the order dismissing his first PCR action. In a written order dated May 7, 2010, the Honorable Lee S. Alford, Circuit Court Judge, denied and dismissed Petitioner's State Habeas petition with prejudice. *See* State Habeas Order at 7.

Petitioner appealed the dismissal of his State Habeas petition to the South Carolina Court of Appeals. On November 19, 2010, the South Carolina Court of Appeals dismissed Petitioner's appeal, noting that Petitioner had "fail[ed] to show why the circuit court's determination that the habeas corpus relief was improper because the issues could have been raised in a timely PCR

6

application." S.C. Ct. App. Nov. 19 Order [Docket Entry 19-15] at 2.  Petitioner then filed an amended petition to reinstate, and he now indicates that he received an order from the Court of Appeals denying that petition to reinstate on February 4, 2011. *See* Response II at 2.

### Habeas Grounds for Relief

In the present § 2254 Petition, Petitioner raises the following grounds for relief:

**Ground One:**          Involuntary Guilty Plea

>     **Supporting Facts:**   Petitioner testified at the evidentiary hearing that he pled guilty on the advice of counsel even though he told him he did not commit the crime.  He could not understand why he had to plea to something he did not do. . . .
>
>     . . . Plea counsel coerced and intimidated petitioner into pleading to something he did not do. . . . Please counsel told him if he went to trial he would face 75 years.

**Ground Two:**          Ineffective Assistance of Counsel

>     **Supporting Facts:**   Petitioner never would have plead guilty to criminal conspiracy and received both the max sentence and fine. Instead, Petitioner would have went to trial.  There is a reasonable probability that the out-come would have been different on sentencing.

**Ground Three:**      Failure to Properly Ex[e]cute Written Waiver of Indictments

>     **Supporting Facts:**   On both indictments at top right hand corner in the spaces provided, Petitioner's signature is absent as to being fully advised on his legal rights of waiving presentment to the Grand Jury.  That's why the grand jury (jurors) convened on March 16, 2006.  Petitioner never waived his right to go to trial.  There's no written signature. See indictments attached.

**Ground Four:**        Petitioner was Convicted for Two Crimes Arising From One Incident

>     **Supporting Facts:**   Criminal Conspiracy of Armed Robbery is the lesser offense and lesser included offense of Armed Robbery.  The punishments for the two offense difference and overlapping

7

as a grater [sic] offense included with the lesser offense. The offenses are not defined based on statutory elements as a grater [sic] and lesser offense charges, but the intent of the legislature clearly is to provide for looking at the sentencing.

**Ground Five:**     York County General Sessions Court Sentencing Judge Ordered an Illegal Sentence for Criminal Conspiracy

      **Supporting Facts:**    Petitioner received punishment for the offense of Criminal Conspiracy which constituted cruel and unusual punishment. Petitioner was sentenced to both a fine and five years imprisonment forbidden by statute. August 10, 2006, sentencing sheet on criminal conspiracy reads as follows: state department of corrections five years, a fine of $100.00 dollars under S.C. Code of Laws 14-1-211 and $25.00 dollars under 73.3, 1B Tp (law enforce funding). Total of $125.00 dollars. Petitioner could not receive both sentences.

**Ground Six:**  Petitioner was Denied a Full and Fair Opportunity to Present Claims and Have Claims Preserved in State Court Proceedings

      **Supporting Facts:**    Petitioner did not receive assistance of PCR counsel as required by Rule 71.1(d), SCRCP, where counsel did not assure that all available grounds for relief were included in the application and amend the application where necessary; Petitioner's claims were not properly preserved for appellate review as required by S.C. Code Ann. § 17-27-80 and Rule 52(a), SCRCP, where issues were raised but not ruled on by the PCR court denying Petitioner the right to a direct appeal of his PCR; and where the State Court failed to remand for a new hearing to allow Petitioner to raise all claims and have them properly ruled upon and preserved for appellate review. Petitioner is being held in violation of his constitutional rights based on the issues that were not properly raised and ruled upon.

§ 2254 Petition at 5-14.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Habeas Corpus Standard of Review

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of

9

correctness by clear and convincing evidence." *Id* § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. In order to grant habeas relief under the "unreasonable application" clause, the court must determine that the state court's decision was not only incorrect, but also was "objectively unreasonable." *Id.* at 409-11.

## Discussion

I.    Ground One

In Ground One, Petitioner alleges that his guilty plea was involuntary and that his trial counsel had "intimidated [him] into pleading to something he did not do." § 2254 Petition at 5-6. The PCR court specifically addressed this issue and found it be without merit. *See* App. at 71 ("[Petitioner's] claim[] . . . that he was forced to plea [is] without merit."). The Magistrate Judge concluded that "this ground should be dismissed with prejudice" because "[P]etitioner ha[d] failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue" and had "failed to show . . . the PCR court reached an unreasonable factual determination given the evidence and record before it." R & R at 13.

The PCR court had before it "a copy of the transcript of [Petitioner's] guilty plea, the records

of the York County Clerk of Court, and [Petitioner's] records from the South Carolina Department of Corrections." App. at 67. Petitioner's involuntary guilty plea claim was specifically presented to the PCR court, and after hearing testimony from both Petitioner and his trial counsel, the PCR court resolved all credibility issues adversely to Petitioner and dismissed his PCR application. As the Magistrate Judge correctly noted, the PCR court's findings of fact and credibility determinations are entitled to deference by this court. *See Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence."); *see also Williams v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) ("Credibility determinations . . . are factual determinations. As such, they are presumed to be correct . . . ." (internal quotations omitted)). Ultimately, the PCR concluded that Petitioner's "claim[] . . . that he was forced to plea [was] without merit," and further that "the record . . . fully demonstrate[d] that [Petitioner] understood the nature of his plea, and . . . his plea was made freely and voluntarily." App. at 71-72.

    As noted by the Magistrate Judge, the PCR court began its Order of Dismissal by accurately setting forth the law that governed Petitioner's claims, citing *Boykin v. Alabama*, 395 U.S. 238 (1969), and *Strickland v. Washington*, 466 U.S. 668 (1984). The Magistrate Judge's R & R also sets out in great detail all of the factual findings then made by the state PCR judge and recommends dismissal of this claim. *See* R & R at 11-13. While Petitioner did object to this recommendation, his objections are simply a reassertion of his conclusory allegations that his trial counsel coerced him into pleading guilty[5] and they do not demonstrate how any of these above findings were

---

[5] For example, Petitioner states in his Objections that "[t]he Magistrate Judge failed to see how . . . [the] plea was involuntarily coerced, and how the counsel used a tool of intimidation to pressuring Petitioner into pleading guilty to charges he did not committed." Obj. at 4. Further, Petitioner argued that the record

incorrect.  This court has carefully reviewed Petitioner's objections and conducted the required *de novo* review of Petitioner's claim.  Having done so, the court is left with the firm conviction that the Magistrate Judge's recommended disposition of this claim is correct, and that Petitioner has failed to show that the state PCR judge's determination of this claim was contrary to or an unreasonable application of federal law, or involved an unreasonable determination of the facts.  Accordingly, Petitioner's objections are overruled and the Magistrate Judge's recommendation to dismiss this claim is adopted.

II.    Ground Two

In Ground Two, Petitioner contends that he "never would have ple[]d guilty to criminal conspiracy and received both the max sentence and fine." § 2254 Petition at 7-8.  Petitioner, in his Objections, argues further that the "fine" he received in conjunction with his negotiated sentence was "illegal." Obj. at 7.  Petitioner contends that he would have gone to trial instead. § 2254 Petition at 8.

Upon review, the undersigned agrees with the Magistrate Judge that this claim is without merit regardless of whether it is an involuntary guilty plea claim or ineffective assistance claim. *See* R & R at 13.  According to the guilty plea transcript, the trial court sentenced Petitioner to five (5) years of imprisonment and no fine on the conspiracy charge. *See* App. at 16.  A review of the sentencing sheets reveals that a $100.00 surcharge and a $25.00 Law Enforcement funding charge were imposed, but that there <u>was no fine imposed</u> pursuant to the conspiracy statute. *See* Indictments at 5.  These same costs and assessments were imposed on the armed robbery charge as well. *See id.*

---

"reflects counsel even used a scare tactic by saying to Petitioner he could receive the greater sentences to the charges." *Id.*

at 1.  To the extent that Petitioner claims these assessments were "illegal," the court notes that they are specifically authorized by statute. *See* S.C. Code Ann. § 14-1-211(A)(1) ("In addition to all other assessments and surcharges, a one hundred dollar surcharge is imposed on all convictions obtained in general sessions court . . . in this State."); *see also* Indictments at 5 (indicating $100.00 surcharge pursuant to S.C. Code Ann. § 14-1-211(A)(1)).  The guilty plea transcript further reveals that Petitioner did not receive a "max" sentence, as he now alleges.  To the contrary, Petitioner was exposed to thirty (30) years without parole on the armed robbery charge and also faced kidnaping charges, which were dismissed as part of his plea. *See* App. at 5-6, 11. Ultimately, the court sentenced Petitioner to a five (5) year sentence on the conspiracy charge, which was run concurrent with the armed robbery sentence of twenty (20) years. *See id.* at 16.  Based on the foregoing, the undersigned agrees with the Magistrate Judge that, "[g]iven the recommendation that was negotiated by the petitioner and his attorney with the State of South Carolina, the petitioner cannot show that but for his sentence on the conspiracy charge, he would not have pleaded guilty and would have insisted on going to trial." R & R at 14.  Therefore, this claim should be dismissed.

III.    Grounds Three, Four, and Five

In Ground Three, Petitioner alleges that his signature is absent on both indictments in the space used to indicate whether he waived presentment to the Grand Jury after being fully advised of his legal rights.  In Ground Four, Petitioner contends that criminal conspiracy is a lesser included offense to armed robbery, and therefore he should not have been convicted of both crimes.  And, in Ground Five, he contends his sentence for criminal conspiracy is "illegal" because he received both a fine and imprisonment.

In the R & R, the Magistrate Judge first found that all three of "these claims are procedurally

barred from consideration by this court and should be dismissed." R & R at 15.  Petitioner's "main primary objection[]" is that he "is not procedurally defaulted in none of his claims raised to the federal courts." Obj. at 6.  He contends that "the State court was given to it the required presentation of all issues for it's opportunities to correct in Petitioner's case." *Id.* at 5.

"[A] claim will be defaulted if a state court has expressly found that review is barred by an adequate and independent state procedural rule, *see Ashe v. Styles*, 39 F.3d 80, 85 (4th Cir.1994), or if the claim was not presented to all appropriate state courts and an adequate and independent state procedural rule would now bar review, *see Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir.2000), cert. denied 530 U.S. 1285, 121 S.Ct. 1, 147 L.Ed.2d 1026 (2000)." *Strickland v. Lee*, 471 F. Supp. 2d 557, 567 (W.D.N.C. 2007).  "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, and it is independent if it does not depend on a federal constitutional ruling." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations omitted).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, all three claims, which are all direct appeal issues, were not raised during Petitioner's guilty plea and sentencing hearing and therefore were not preserved for direct appeal. *See South Carolina v. Bickham*, 672 S.E.2d 105, 107 n.2 (S.C. 2009) (noting that failure to assert at plea hearing that plea was not knowingly made precluded consideration of issue on direct appeal); *South Carolina v. McKinney*, 292 S.E.2d 598, 599 (S.C. 1982) (similar holding).  Further, Petitioner

14

ultimately abandoned his direct appeal. *See* Nov. 28 Letter at 2 ("[I]t is my desire . . . [to] drop the appeal formerly filed on my behalf."). In addition, Petitioner did not raise these issues in his PCR proceedings, and he further waived the grounds by not filing a Rule 59(e) motion to have the issues addressed by the PCR court in its order. *See Marlar v South Carolina*, 653 S.E.2d 266, 267 (2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . .").[6] Thus, the court concludes that Petitioner procedurally defaulted his claims in state court.

Moreover, the undersigned concludes, as did the Magistrate Judge, that Petitioner has not shown sufficient cause and prejudice, or a miscarriage of justice, to overcome this default. In his Objections, Petitioner appears to argue that his PCR counsel was ineffective by not filing a Rule 59(e) motion, and that this error caused his procedural default. *See* Obj. at 10. However, because Petitioner does not have a constitutional right to effective assistance of PCR counsel, his PCR counsel's alleged ineffective assistance cannot serve as cause to excuse his default. *Coleman*, 501 U.S. at 753-55; *see also Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997) ("[I]n order to constitute cause, attorney error must amount to constitutionally ineffective assistance of counsel and . . . this standard c[an] not be satisfied in the absence of a constitutional right to counsel."). Likewise, Petitioner has not met his burden in establishing actual innocence. *See Schlup v. Delo*, 513

---

[6] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit recently held that, prior to the decision of the South Carolina Supreme Court in *Marlar*, South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a Rule 59(e) motion. *Id.* at 164-65. However, in our case, the PCR court held its hearing and issued its order on Petitioner's PCR claims in late-2008, well after the South Carolina Supreme Court issued its ruling in *Marlar* in November of 2007. Therefore, based on *Marlar*, Petitioner's failure to file a Rule 59(e) motion regarding the claims he now raises serves as a procedural bar.

U.S. 298, 324 (1995) (holding that to prove actual innocence, a petitioner "must support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). Accordingly, because Petitioner has not shown sufficient cause and prejudice, or a fundamental miscarriage of justice, to overcome his default, these claims are procedurally barred from consideration by this court and should be dismissed.

In the alternative, even if these claims were not procedurally barred, they should be dismissed on the merits as recommended in the R & R. The Magistrate Judge accurately and thoroughly analyzed each of these individual claims and concluded that they failed on the merits. *See* R & R at 15-16. The undersigned has reviewed Petitioner's objections and conducted a *de novo* review of the claims, and finds itself in agreement with the Magistrate Judge. Thus, for the reasons stated by the Magistrate Judge in the R & R, these claims are without merit and should be dismissed.

IV.    Ground Six

In Ground Six, Petitioner contends that he "was denied a full and fair opportunity to present claims and have claims preserved in state court proceedings" because his PCR counsel did not provide effective assistance. § 2254 Petition at 14. The Magistrate Judge concluded that this claim was "not cognizable in federal habeas review." R & R at 16. The undersigned agrees. Deficiencies in a state PCR action are not cognizable under § 2254. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (collecting cases holding that errors in a state PCR proceeding "cannot serve as a basis for federal *habeas corpus* relief"). "[W]hat occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) (quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998)). Section 2254(i) now specifically provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State

16

collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).  Accordingly, this ground for relief should be dismissed.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

### Conclusion

The court has thoroughly analyzed the entire record, including the R & R and objections, and applicable law.  The court has conducted a *de novo* review of all of Petitioner's objections, [Docket Entry 42], and finds no merit in them.  For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R.  Accordingly, Respondent's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

        s/R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

Florence, South Carolina
September 20, 2011